UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CAROL J. UNDERWOOD,

                Plaintiff,

    -vs-                              **No. 1:16-CV-00071 (MAT)**
                                           **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

## I. Introduction

Proceeding *pro se*, plaintiff Carol J. Underwood ("Plaintiff") brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42. U.S.C § 405(g), seeking reversal of the final decision of defendant the Acting Commissioner of Social Security (the "Commissioner" or "Defendant")[1] denying Plaintiff's request for a waiver of an overpayment of Social Security benefits. Currently before the Court is Defendant's motion to remand the matter for further administrative proceedings. Docket No. 16. For the reasons set forth below, Defendant's motion is granted.

## II. Background

Plaintiff applied for retirement benefits under the Act on December 17, 2007. T. 146-47.[2] In her application, Plaintiff

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

[2] Citations to "T." refer to pages in the administrative transcript.

reported that she expected to receive a government pension based on non-covered work T. 143, 147. Following the application, Plaintiff received a notice on December 22, 2007, that she was entitled to Social Security retirement benefits beginning in January 2008. T. 148. The second page of the notice included a bolded heading titled "Your Responsibilities" that informed Plaintiff that her benefits were based on the information she provided and that if the information changed, it was important to contact the Social Security Administration ("SSA") right away, as the changes could affect her benefits. T.149. The notice also enclosed an informational pamphlet titled, "When You Get Social Security or Survivor Benefits... What you need to Know," which explained what must be reported and how to report it. *Id.*

Plaintiff began receiving a pension from California State Teachers Retirement System ("CalSTRS") in August 2009. T. 15-18. On October 23, 2012, SSA sent a notice to Plaintiff that she had been overpaid Social Security benefits since August 2009, when she began receiving her government pension. T. 24-27. The notice informed her that her benefits would be reduced due to the government pension. T. 24. In November 2012, Plaintiff received additional notices that explained how SSA would recoup the overpayment through withholding of future benefits. T. 31-34. Plaintiff requested a waiver of the overpayment on December 12, 2012, claiming that she was not at

fault for the overpayment, she could not afford to repay the money, and the repayment requirement was unfair. T. 48-55. Plaintiff argued that the Windfall Elimination Provision ("WEP") and Government Pension Offset ("GPO") were unfair and punitive toward her and similarly situated women. T. 54-55. She claimed that when she applied for her Social Security benefits, she expressed concerns about the WEP, but was advised by someone in California that her benefits would not be reduced because her retirement pension was small enough to avoid the provision. T. 49. She also stated that she knew nothing about the GPO. *Id.*

On May 10, 2013, Plaintiff received a telephone call from an agency representative notifying her that her request for an overpayment waiver was denied and what her appeal options were. The corresponding written denial, dated May 10, 2013, referenced the printed application receipt Plaintiff had received, which included the pamphlet covering her reporting responsibilities, as well as a section regarding receipt of a non-covered pension. T.64-67. Though denying the overpayment waiver request, the denial indicated the SSA recovery should be at a severely reduced rate because the standard 36 month recovery period would cause a severe hardship on Plaintiff. T. 67. Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ") on July 8, 2013. T. 68. On October 1, 2013, SSA informed Plaintiff it would withhold $10.00 per month

from her Social Security payments, for 787 months (65.58 years), until the overpayment was collected. T. 71-72.

Plaintiff appeared before ALJ Robert T. Harvey on February 20, 2014, and stated she had never received anything advising her that she needed to notify SSA of any changes in her economic position. T. 129. On April 16, 2014, the ALJ issued a decision finding Plaintiff was not without fault for the overpayment because the December 2007 application she received included a section outlining her responsibilities to report any other income to SSA. T. 11-14. Plaintiff timely requested review by the Appeals Council, which was denied. T. 3-6. This action followed.

**III. Discussion**

The Act empowers a court to enter judgment affirming, modifying, or reversing the Commissioner's decision with or without remanding the cause for rehearing. A remand to the Commissioner is appropriate when there are gaps in the administrative record and further development of evidence is required, or when the ALJ has misapplied legal standards. *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999).

    **A.    The Commissioner Concedes that the ALJ's Determination was not Supported by Substantial Evidence.**

In the instant case, the Commissioner concedes that the ALJ's determination lacks a clear accounting of the calculation of the overpayment, as well as an explanation of the varied overpayment

amounts within the record, and is therefore not supported by substantial evidence and requires remand. The Court agrees.

Substantial evidence is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where the evidence of record does not show the basis for the calculation of an overpayment, remand is appropriate. *See Chlieb v. Heckler*, 777 F.2d 842, 844 (2d Cir. 1985)(where the initial case was remanded for calculation of overpayment, with the district court ruling there was no evidence in the record showing the basis upon which the overpayment was originally calculated). Here, the record contains several different overpayment amounts ($7,782.00, T. 31; $7,926.00, T. 33; $6,919.10, T. 60; $7,926.00, T. 62), with no explanation provided by the ALJ in his decision as to how he arrived at the total repayment amount of $6,775.00. T. 12. The ALJ merely noted that "[t]he overpayment amount fluctuates due to the claimant's repayment schedule," without further explaining the discrepancy between the amounts. *Id.* On remand, the ALJ is instructed to substantiate his finding that an overpayment has occurred, including a detailed accounting of the amount owed by Plaintiff.

**B. Plaintiff's Arguments in Opposition to Remand Lack Merit**

Plaintiff opposes the Commissioner's request for remand. First, she argues that the WEP overpayment amount, accountings and

explanations provided are all unsubstantiated and lack merit. She contends that a proper resolution on remand is doubtful, but, as discussed further below, this is entirely speculative. Second, she challenges the constitutionality of the WEP and the GPO, contending that the WEP discriminates against lower income workers and the GPO discriminates against women, each thus violating the Equal Protection Clause of the Fifth Amendment. Third, Plaintiff opposes remand, alleging her Constitutional Due Process rights were denied because she did not have a face-to-face conference and that remand may result in the denial of compensation of benefits. Finally, Plaintiff opposes remand with the hope that this Court may instead direct reinstatement of the original full benefit amount and back payment of all withheld benefits, and waive the overpayment claim. For the reasons set forth below, this Court finds each of Plaintiff's arguments in opposition to remand without merit.

1. **The ALJ's Finding that Plaintiff Owes $6,775.00 is not Supported by Substantial Evidence and Requires Remand**

As set forth above in this decision, the Court finds that the ALJ's decision that Plaintiff owes $6,775.00 for overpayment of benefits is unsupported by substantial evidence and requires remand.

2. **The Constitutionality of the WEP and the GPO Are Well-Established**

Plaintiff argues that the WEP discriminates against lower income workers and that the GPO discriminates against women. Thus,

she concludes both are in violation the Equal Protection Clause. However, the constitutionality of both the WEP and the GPO are well-established.

The standard for reviewing a constitutional challenge to a provision of the Social Security Act as a violation of the Equal Protection Clause of the Fifth Amendment is whether the provision has a rational basis and is free from invidious discrimination. *Richardson v. Belcher*, 404 U.S. 78, 84 (1971). The Legislature's efforts to address the problems of the poor and needy are not to be subjected to a "constitutional straightjacket," so long as they are rational and not invidious. *Rudykoff v. Apfel*, 193 F.3d 579, 580 (2d Cir. 1999)(quoting *Mathews v. De Castro* 429 U.S. 181, 185 (1976)(internal quotation marks and further quotation omitted)). "[W]hen Congress has made legislative choices such as those codified in the Social Security Act, they will be upheld unless they are clearly wrong, a display of arbitrary power, not an exercise of judgment." *Rudykoff v. Apfel*, at 580 (internal quotation omitted).

Plaintiff's argument that the WEP is in violation of the Equal Protection Clause because it discriminates against lower income workers is unavailing. "[T]he WEP furthers the rational goal of insuring that certain individuals do not receive an unintended benefit under the Social Security Ace because of their particular employment history." *Rudykoff v. Apfel,* at 581. *See also Parker v.*

*Colvin*, 640 F. App'x 726, 730 (10th Cir. 2016) (where the Court found that the purpose of the WEP is rationally related to a legitimate goal of protecting the fiscal integrity of the social security fund, whether or not is has a greater adverse impact on low-wage workers, and thus, is constitutional); *Kamyk v. Berryhill*, 695 F. App'x 947, 947 (7th Cir. 2017)(noting that "Congress intended to eliminate a 'windfall' in benefits that individuals with untaxed pensions would receive"). The WEP's rational goal of protecting the fiscal integrity of the Social Security fund by insuring individuals with a particular employment history do not receive a windfall in benefits is therefore constitutional.

Plaintiff's additional argument that the GPO violates the Equal Protection Clause because it has a disparate impact on women also fails. Disproportionate impact without a discriminatory purpose does not violate equal protection. *Collier v. Barnhart*, 473 F.3d 444, 448-89 (2d Cir. 2007). Plaintiff has failed to establish any discriminatory purpose in the creation of the GPO. Moreover, when assessing the GPO through a rational basis review, other Circuits have recognized that the GPO is rationally related to the legitimate goal of protecting the fiscal integrity of the Social Security fund. *Parker v. Colvin*, at 730; *Clifford v. Sullivan*, 991 F.2d 805 (Table), 1993 WL 118836, at *3 (10th Cir. 1993) (selecting governmental pensioners for an offset is rationally related to preserving the fiscal integrity of the Social Security fund). Based

on the foregoing, the Court finds no merit in Plaintiff's Equal Protection claims.

### 3. Plaintiff has not Established a Due Process Violation

Plaintiff also argues her due process rights were denied when she requested an in-person meeting in her local SSA office but instead was only afforded a telephone conference with a SSA representative who informed her that her waiver request had been denied. For the reasons set forth below, the Court finds this error to be harmless.

20 C.F.R. § 404.506(c)0 provides that if a waiver request cannot be approved based on the information submitted, the claimant is notified in writing and given the dates, times and place of a file review and personal conference. Plaintiff claims that rather than receive written notice of the denial with information for a personal conference, she received a telephone call advising her of the waiver denial and her appeal options. As noted by Plaintiff, the appeals process included the request for a hearing by an ALJ. Due process requires that some form of a hearing be provided before an individual is *finally* deprived of a property interest. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). A hearing was held on February 20, 2014, at which Plaintiff testified, satisfying Plaintiff's due process rights.

### 4. Substantial Evidence Supports the Commissioner's Finding Plaintiff Was Not Without Fault

Finally, Plaintiff opposes remand and requests that this Court direct the Commissioner to reinstate the original benefit amount and grant Plaintiff's request for an overpayment waiver. This expectation is not warranted, as substantial evidence supports the finding that Plaintiff was not without fault for the overpayment.

The Social Security Regulations provide that when an incorrect amount has been paid to any person, proper adjustment or recovery shall be made. However, recovery is not required if (1) the overpaid individual is completely without fault in causing the overpayment, and (2) recovery would defeat the purpose of Title II of the Act or would be against equity or good conscience or would impede the effective administration of Title II due to the small amount involved. 42 U.S.C. §§ 404(a)(1), 404(b); 20 C.F.R. § 404.506; *see also Chlieb v. Heckler*, 777 F.2d 842, 846 (2d Cir. 1985). If the individual does not satisfy the first prong of this test (i.e., she is not without fault), the second requirement need not be considered. *Chlieb v. Heckler*, 777 F.2d at 846.

Under the regulations, a beneficiary may be found at fault for an overpayment if she: (1) makes a statement which she knows or should have known to be incorrect; (2) fails to furnish information which she knows or should have known to be material; or (3) accepts a payment which she knew or could have been expected to know was incorrect. 20 C.F.R. § 404.507. The Second Circuit has held an act

of bad faith is not required; rather, an honest mistake may be sufficient to constitute fault. *Center v. Schweiker*, 704 F.2d 678, 680 (2d Cir. 1983) (citing *Morgan v. Finch*, 423 F.2d 551 (6th Cir. 1970)). The regulations also call for the beneficiary to exercise a high degree of care when determining whether to immediately report a change circumstances to the agency that may cause deductions from her benefits. 20 C.F.R. § 404.511(a). And finally, courts have found the claimant bears the burden of establishing she was without fault in causing the overpayment. *E.g.*, *Hillenberg v. Bowen*, No. 85 Civ. 3671(PKL), 1986 WL 6498, at *1 (S.D.N.Y. June 2, 1986) (citing *Sierakowski v. Weinberger*, 504 F.2d 831, 836 (6th Cir. 1974) and *Morgan v. Finch*, 423 F.2d 551 (plaintiff bears the burden of establishing that a waiver provision was applicable); other citation omitted).

Plaintiff received written notice when she was first granted benefits of her continuing responsibility to report changes of her financial status that could affect her benefits. T. 149. Plaintiff originally reported information indicating she expected to begin receiving CalSTRS pension payments in July 2012. However, the record shows Plaintiff began receiving these payments three years earlier, in August 2009 (T. 17, 124), yet she did not report them to the agency until August 2012. T. 17, 19. This omission of material information puts Plaintiff at fault for the overpayment under 20 C.F.R. § 404.507(b). Furthermore, the record shows

Plaintiff was aware her pension income could reduce her Social Security benefits (*see* T. 49), yet still delayed in reporting the pension income to the agency. In doing so, Plaintiff failed to exercise the high degree of care required by her to immediately report the income to the agency, in violation of 20 C.F.R. § 404.511(a).

Plaintiff's actions constitute substantial evidence showing she was not without fault for the overpayment of benefits. The Courts finds Plaintiff has not satisfied her burden of proving that she is entitled to waive recovery of overpayment. Thus, remand is necessary to determine the appropriate recovery amount.

**IV.  Conclusion**

For the reasons set forth above, the Court grants Defendant's motion (Docket No. 16) to remand this matter for further proceedings. Plaintiff's motion for Miscellaneous Relief (Docket No. 7) is denied. Defendant's motion for Judgment on the Pleadings (Docket No. 8)is granted. The Clerk of the Court is directed to close this case.

ALL OF THE ABOVE IS SO ORDERED.

Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          June 1, 2018